UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                      ○

## CIVIL MINUTES - GENERAL

| Case No. | CV 11-6276 CAS (SHx) | Date | June 5, 2012 |
|---|---|---|---|
| Title | EDWARD B. HAYES V. RAY MABUS | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | NOT PRESENT | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

|  Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| NOT PRESENT | NOT PRESENT |

**Proceedings:** **(In Chambers:) PLAINTIFF'S MOTION FOR RECONSIDERATION** (filed 2/10/2012 )

**PLAINTIFF'S MOTION FOR FURTHER DISCRIMINATION BY THE DEPARTMENT OF THE NAVY; ATTEMPTS TO MEET AND CONFER FAILED DUE TO LACK OF NEUTRAL BASIS, DISOBEDIENCE OF THE JUDGES [sic] ORDER IN NOT ALLOWING THE MEETING TO BE FAIR AND EQUITABLE TO PLAINTIFF; MOTION FOR AN ORDER OF A FEDERAL ATTORNEY TO BE PAID FOR BY THE DEPARTMENT OF THE NAVY; MOTION FOR ORDER OF DISCOVERY TO BEGIN** (filed 4/27/2012)

## I.   INTRODUCTION AND BACKGROUND

The Court finds this motion appropriate for decision without oral argument.  Fed. R. Civ. P. 78; Local Rule 7-15.

On July 29, 2011, pro se plaintiff Edward Hayes ("plaintiff") filed the instant action against Ray Mabus ("defendant"), the Secretary of the Department of the Navy ("Navy"), alleging claims for assault, harassment, and discrimination arising out of his employment with, and subsequent termination from, the Navy.  See Dkt. No. 3.

By order dated January 23, 2012, the Court granted defendant's motion for summary judgment.  Specifically, the Court found that the assault claim was barred by the doctrine of sovereign immunity under 28 U.S.C. § 2680(h).  See Dkt. No. 20 at 4. The Court also dismissed the harassment and discrimination claims based upon express language from a settlement agreement the parties had previously entered into. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 11-6276 CAS (SHx) | Date | June 5, 2012 |
|---|---|---|---|
| Title | EDWARD B. HAYES V. RAY MABUS | | |

Because plaintiff offered no evidence to support a theory that would render the Settlement Agreement invalid, the Court found that it was enforceable as a matter of law. Id. at 5.

On February 10, 2012, plaintiff filed a motion for reconsideration. On April 27, 2012, plaintiff filed an additional document styled as "further discrimination by the department of the Navy; attempts to meet and confer failed due to lack of neutral basis, disobedience of the judges [sic] order in not allowing the meeting to be fair and equitable to plaintiff; motion for order to proceed to a speedy trial; motion for order of a federal attorney to be paid for by the Department of the Navy; motion for order of discovery to begin." See Dkt. No. 25 at 4.

On May 14, 2012, and May 21, 2012, defendant filed oppositions to plaintiff's motions. After considering the arguments set forth by both parties, the Court finds and concludes as follows.

## II.   LEGAL STANDARD

### A.   Fed. R. Civ. P. 59(e)

"There are four grounds upon which a Rule 59(e) motion may be granted: 1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; 2) the moving party presents newly discovered or previously unavailable evidence; 3) the motion is necessary to prevent manifest injustice; or 4) there is an intervening change in controlling law." Turner v. Burlington Northern Santa Fe R. Co., 338 F.3d 1058, 1063 (9th Cir. 2003) (internal quotation marks, citations, and alterations omitted). See also School Dist. No. 1J, Multnomah Cnty, Or. v. AcandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). Relief under Rule 59(e) is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks and citation omitted).

### B.   Fed. R. Civ. P. 60(b)

Under Rule 60(b), the court may grant reconsideration of a final judgment and any order based on: "(1) mistake, surprise, or excusable neglect; (2) newly discovered

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-6276 CAS (SHx) | Date | June 5, 2012 |
|----------|----------------------|------|--------------|
| Title | EDWARD B. HAYES V. RAY MABUS | | |

evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) extraordinary circumstances which would justify relief." School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).  Under Rule 60(b)(6), the so-called catch-all provision, the party seeking relief "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion." Latshaw v. Trainer Wortham & Co., Inc., 452 F.3d 1097, 1103 (9th Cir. 2006).  In addition, the Ninth Circuit recently confirmed that "[t]o receive relief under Rule 60(b)(6), a party must demonstrate extraordinary circumstances which prevented or rendered him unable to prosecute his case." Lal v. California, 610 F.3d 518, 524 (9th Cir. 2010).  This Rule must be "used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." Id. (quoting United States v. Washington, 394 F.3d 1152, 1157 (9th Cir. 2005)).  Any Rule 60(b) motion must be brought within a reasonable time and no later than one year after entry of judgment or the order being challenged.  See Fed. R. Civ. P. 60(c)(1).

**C.     Local Rule 7-18**

Local Rule 7-18 sets forth the bases upon which this Court may reconsider the decision on any motion:

A motion for reconsideration of the decision on any motion may be made only on the grounds of: (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.  No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

L.R. 7-18.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-6276 CAS (SHx) | Date | June 5, 2012 |
|---|---|---|---|
| Title | EDWARD B. HAYES V. RAY MABUS | | |

## III.  DISCUSSION

Plaintiff bases his motion for reconsideration on many of the same arguments asserted in opposition to defendant's motion for summary judgment, which the Court rejected in its January 23, 2012 order.  For example, plaintiff argues that the Settlement Agreement was not resolved in good faith by the Navy, and that the terms of the Agreement have not been "fully settled."  <u>See</u> Mot. At 3.

The court is unpersuaded by plaintiff's contentions.  First, plaintiff cites no new material facts or changes in applicable law that would alter the Court's decision to grant summary judgement in favor of defendant.  Furthermore, plaintiff does not assert that the Court improperly applied the law to his claims for assault, harassment, or discrimination.

Moreover, plaintiff makes no allegation of mistake, inadvertence, surprise, or excusable neglect.  Although not expressly stated, it seems plaintiff's argument relies upon Rule 60 (b)(6), allowing relief for "any other reason that justifies relief."  However, relief under Rule 60 (b)(6) is granted only "where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgement."  <u>See</u> <u>Latshaw v. Trainer Wortham & Co., Inc.</u>, 452 F. 3d 1097, 1103 (9th Cir. 2006) (citing <u>Community Dental Services v. Tani,</u> 282 F. 3d 1164, 1168 (9th Cir. 2002)).   The Court concludes that no such "extraordinary circumstances" exist here.  Instead, plaintiff's motion for reconsideration simply reiterates his dissatisfaction with the terms of the Settlement Agreement.  As the Court previously found, plaintiff is not entitled to pursue a breach of contract claim because he failed to comply with the appellate mechanisms available to him.  <u>See</u> Dkt. No. 20 at 6 n. 2.  Because plaintiff has failed to allege any "extraordinary circumstances" to justify the relief sought herein, the Court DENIES plaintiff's motion for reconsideration.[1]

_____

[1]Because the Court granted summary judgment in favor of defendant, all of plaintiff's other requests—such as for a speedy trial, to amend his pleadings, to proceed to discovery and trial, for a Court-appointed attorney, to file a summary judgment motion, and to obtain a jury trial—are without merit and hereby denied.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-6276 CAS (SHx) | Date | June 5, 2012 |
|----------|----------------------|------|--------------|
| Title | EDWARD B. HAYES V. RAY MABUS | | |

## IV.   CONCLUSION

In accordance with the foregoing, the Court DENIES plaintiff's motions.

IT IS SO ORDERED.

00   :   00

Initials of Preparer                    CMJ